**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

DISTRICT OF DELAWARE

Case number *(if known)* _____  Chapter **11**

☐ Check if this an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    06/24

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | **Dynamic Aerostructures Intermediate LLC** |
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names and *doing business as* names | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **87-0989800** |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **27756 Avenue Mentry**<br>**Valencia, CA 91355**<br>Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| **Los Angeles**<br>County | **Location of principal assets, if different from principal place of business**<br><br>Number, Street, City, State & ZIP Code |

5. **Debtor's website** (URL)    **https://www.fmiaerostructures.com**

6. **Type of debtor**

☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

Debtor   **Dynamic Aerostructures Intermediate LLC**                     Case number (*if known*) _____
Name

**7.** **Describe debtor's business**   A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☑ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See
http://www.uscourts.gov/four-digit-national-association-naics-codes.

___3364___

**8.** **Under which chapter of the Bankruptcy Code is the debtor filing?**   *Check one:*

☐ Chapter 7

☐ Chapter 9

☑ Chapter 11. *Check **all** that apply:*

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.** **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

☑ No.
☐ Yes.

District _____ When _____ Case number _____
District _____ When _____ Case number _____

**10.** **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No
☑ Yes.

List all cases. If more than 1, attach a separate list

Debtor   **See Attachment**                     Relationship _____
District _____ When _____ Case number, if known _____

Debtor    **Dynamic Aerostructures Intermediate LLC**                         Case number (*if known*) _____
          Name

---

**11. Why is the case filed in *this district?***    *Check all that apply:*

☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☑ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____
Contact name _____
Phone _____

---

### ▮ Statistical and administrative information

**13. Debtor's estimation of available funds**    *Check one:*

☐ Funds will be available for distribution to unsecured creditors.

☑ After any administrative expenses are paid, no funds will be available to unsecured creditors.

---

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☑ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

---

**15. Estimated Assets**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☑ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

---

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☑ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

---

| Debtor | **Dynamic Aerostructures Intermediate LLC** | Case number (*if known*) |
|---|---|---|
| | Name | |

---

**Request for Relief, Declaration, and Signatures**

---

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **February 26, 2025**
                MM / DD / YYYY

**X** */s/ Eric N. Ellis*                                       **Eric N. Ellis**
Signature of authorized representative of debtor                Printed name

Title    **Chief Executive Officer**

---

**18. Signature of attorney**

**X** */s/ Mark L. Desgrosseilliers*                    Date  **February 26, 2025**
Signature of attorney for debtor                             MM / DD / YYYY

**Mark L. Desgrosseilliers**
Printed name

**Chipman Brown Cicero & Cole, LLP**
Firm name

**Hercules Plaza**
**1313 North Market Street, Suite 5400**
**Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone  **(302) 295-0191**          Email address  **desgross@chipmanbrown.com**

**4083 DE**
Bar number and State

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Dynamic Aerostructures LLC, *et al.*, | Case No. 25-xxxxx (xxx) |
| Debtors.[1] | (*Joint Administration Pending*) |

**DEBTORS' CONSOLIDATED CORPORATE OWNERSHIP STATEMENT**
**AND LIST OF EQUITY INTEREST HOLDERS PURSUANT TO**
**FED. R. BANKR. P. 1007(a)(1), 1007(a)(3), AND 7007.1**

Pursuant to Rules 1007(a)(1), 1007(a)(3), and 7007.1 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the above-captioned debtor and its debtor affiliates, as debtors and debtors in possession (each, a "**Debtor**" and, collectively, the "**Debtors**"), to the best of their knowledge, information, and belief, hereto state as follows:

1.      Debtor Dynamic Aerostructures LLC ("**Dynamic LLC**"), is 81.1% owned by Endeavour Capital Fund VIII, L.P.

2.      Debtor Dynamic LLC, owns one hundred percent of (100%) of Debtor Dynamic Aerostructures Intermediate LLC.

3.      Debtor Dynamic Aerostructures Intermediate LLC, owns one hundred percent of (100%) of the Debtor Forrest Machining LLC.

4.      A list of Dynamic LLC's equity interest holders and the nature of their equity interests is attached hereto as **Exhibit A**.

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are:  Dynamic Aerostructures LLC (3076); Dynamic Aerostructures Intermediate LLC (9800); and Forrest Machining LLC (3421). The Debtors' service address is 27756 Avenue Mentry, Valencia, California 91355.

# Exhibit A

## List of Dynamic LLC's Equity Interest Holders

| NAME OF INTEREST HOLDER | INTEREST HELD | PERCENTAGE OF INTERESTS HELD (100%) |
|---|---|---|
| Endeavour Capital Fund VIII, L.P. | Common Stock | 81.09% |
| Endeavour Executive Fund VIII, L.P. | Common Stock | 1.84% |
| Tim Mickael | Common Stock | 12.20% |
| NS Honeymoon Trust | Common Stock | .79% |
| Grande Kinder Trust | Common Stock | .18% |
| Mike Zawalski | Common Stock | .24% |
| General McPeak | Common Stock | 2.44% |
| Sevak Piry | Common Stock | .49% |
| Jill Wrinkler | Common Stock | .49% |
| John Weyers | Common Stock | .24% |
|  |  | 100.00% |

| Fill in this information to identify the case: |
| --- |
| Debtor name: Dynamic Aerostructures LLC, et al. |
| United States Bankruptcy Court for the District of Delaware |
| Case number (if known): |

☐ Check if this is an amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | AMI METALS INC DIANE RACKLIFFE P.O. BOX 952474 ST. LOUIS, MO 63195-2474 | DIANE RACKLIFFE PHONE: 800-727-1903 FAX: 615-377-0103 EMAIL: DRACKLIFFE@AMIMETALS.COM | TRADE VENDOR | | | | $    953,559.99 |
| 2 | FIVES MACHINING SYSTEMS INC MICK DAVIS 2200 LITTON LANE HEBRON, KY 41048-8436 | MICK DAVIS PHONE: 800-934-0735 FAX: 859-534-4995 EMAIL: FMS.GSPARTS@FIVESGROUP.COM | TRADE VENDOR | | | | $    336,525.93 |
| 3 | REXFORD INDUSTRIAL-27712 AVENUE MENTRY LLC GIOVANNA GABRIELLI P.O. BOX 740028 LOS ANGELES, CA 90074-0028 | GIOVANNA GABRIELLI PHONE: 424-440-2592 EMAIL: GGABRIELLI@REXFORDINDUSTRIAL.COM | LANDLORD | | | | $    299,431.73 |
| 4 | REXFORD INDUSTRIAL-27756 AVENUE MENTRY LLC SHEILA NAVI P.O. BOX 740028 LOS ANGELES, CA 90074-0028 | SHEILA NAVI PHONE: 310-966-1680 EMAIL: SNAVI@REXFORDINDUSTRIAL.COM | LANDLORD | | | | $    254,839.03 |
| 5 | ERNST & YOUNG US LLP JOHANNES WITT 725 S FIGUEROA ST LOS ANGELES, CA 90017 | JOHANNES WITT PHONE: 312-505-0597 EMAIL: JOHANNES.WITT@PARTHENON.EY.COM | TRADE VENDOR | | | | $    228,760.00 |
| 6 | BARNES AEROSPACE INC JORDAN COLE 1025 DEPOT DRIVE OGDEN, UT 84404 | JORDAN COLE PHONE: 801-917-2088 EMAIL: JCOLE@BARNESAERO.COM | TRADE VENDOR | | | | $    117,605.00 |
| 7 | METAL IMPROVEMENT COMPANY RICHARD ALEMAN 7655 LONGARD ROAD LIVERMORE, CA 94551 | RICHARD ALEMAN PHONE: 925-960-1090 FAX: 925-960-1093 EMAIL: RICHARD.ALEMAN@CWST.COM | TRADE VENDOR | | | | $    116,620.00 |
| 8 | G TARGET MANUFACTURING GROUP INC 37925 N 6TH ST UNIT 107 PALMDALE, CA 93550 | PHONE: 661-733-9680 | TRADE VENDOR | | | | $    110,797.60 |
| 9 | MORRELLS ELECTRO PLATING INC BOB SAZGARI 432 E. EUCLID AVE. COMPTON, CA 90222 | BOB SAZGARI PHONE: 310-639-1024 FAX: 310-639-1025 EMAIL: BOB@MORRELLSPLATING.COM | TRADE VENDOR | | | | $    110,182.07 |
| 10 | PT SOLUTIONS 21306 SUPERIOR ST. CHATSWORTH, CA 91311 | PHONE: 818-717-1965 EMAIL: SALES@PTS-TOOLS.COM | TRADE VENDOR | | | | $    108,932.55 |
| 11 | AMTEK LLC JOHN REN 12028 RICASOLI WAY NORTHRIDGE, CA 91326 | JOHN REN PHONE: 818-322-6335 EMAIL: JOHNREN2000@GMAIL.COM | TRADE VENDOR | | | | $    92,630.59 |
| 12 | WALKER BROTHERS DAVE SANCHEZ 3839 E. COLORADO ST ANAHEIM, CA 92807 | DAVE SANCHEZ PHONE: 888-500-8700 FAX: 714-630-6063 EMAIL: DSANCHEZ@WALKERBRO.COM | TRADE VENDOR | | | | $    64,397.36 |
| 13 | ASTRO ALUMINUM TREATING INC. ALFRED CASTILLO 11040 PALMER AVE. SOUTH GATE, CA 90280 | ALFRED CASTILLO PHONE: 562-923-4344 FAX: 562-923-9536; 562-923-7914 EMAIL: ACASTILLO@ASTROALUMINUM.COM | TRADE VENDOR | | | | $    58,242.90 |
| 14 | VALENCE LYNWOOD MARINA RODRIGUEZ 2605 INDUSTRY WAY LYNWOOD, CA 90262 | MARINA RODRIGUEZ PHONE: 323-563-1338 EMAIL: MARINA.RODRIGUEZ@VALENCEST.COM | TRADE VENDOR | | | | $    46,415.90 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 15  UNIFIED MANUFACTURING, INC ACCOUNTING 28130 AVE CROCKER UNIT 312 VALENCIA, CA 91355 | ACCOUNTING PHONE: 661-547-8547 EMAIL: INFO@UNIFIEDMFG.COM | TRADE VENDOR | | | | $    46,067.50 |
| 16  LEAN MANUFACTURING GROUP LLC WALTER PREZIOSO 29170 AVENUE PENN VALENCIA, CA 91355 | WALTER PREZIOSO PHONE: 661-702-9400 EMAIL: WPREZIOSO@LEANMANUFACTURINGGROUP.COM | TRADE VENDOR | | | | $    39,870.00 |
| 17  NOBLETEK LLC ERICA NEYHART 1909 OLD MANSFIELD RD STE B WOOSTER, OH 44691 | ERICA NEYHART PHONE: 330-287-1500 EMAIL: ERICA.NEYHART@NOBLETEK.COM | TRADE VENDOR | | | | $    39,108.75 |
| 18  ARLINGTON INT'L AVIATION ACCOUNTING DEPT 7321 COMMERCIAL BLVD EAST ARLINGTON, TX 76001 | ACCOUNTING DEPT PHONE: 817-465-9880 FAX: 817-465-9993 EMAIL: AR@AIAPINC.COM | TRADE VENDOR | | | | $    33,717.77 |
| 19  LOCKHEED MARTIN AERONAUTICS KENYA HOLMES 1 LOCKHEED BLVD FT. WORTH, TX 76108 | KENYA HOLMES PHONE: 770-494-3391 | TRADE VENDOR | | | | $    26,764.80 |
| 20  BOWMAN PLATING COMPANY INC BRYAN MENDOZA 2631 E. 126TH STREET COMPTON, CA 90223-3105 | BRYAN MENDOZA PHONE: 310-639-4343 FAX: 310-639-3577 EMAIL: BRYAN@BOWMANPLATING.COM | TRADE VENDOR | | | | $    26,095.15 |
| 21  ADEPT FASTENERS ALTON HERRERA 27949 HANCOCK PARKWAY VALENCIA, CA 91355 | ALTON HERRERA PHONE: 661-294-4834 FAX: 661-257-6625 EMAIL: AHERRERA@ADEPTFASTENERS.COM | TRADE VENDOR | | | | $    25,653.20 |
| 22  AIRCRAFT CRATING ROY 12355 GLADSTONE AVE SYLMAR, CA 91345 | ROY PHONE: 312-978-2568 FAX: 818-361-0079 EMAIL: AIRCRAFTCRATINGINC@GMAIL.COM | TRADE VENDOR | | | | $    24,245.78 |
| 23  CARR LANE MANUFACTURING COMPANY P.O. BOX 191970 ST LOUIS, MO 63119 | PHONE: 314-647-6200 FAX: 314-647-5736 EMAIL: INFO@CARRLANE.COM | TRADE VENDOR | | | | $    22,980.41 |
| 24  RMI TITANIUM COMPANY GARY HINKS P.O. BOX 640765 500 FIRST AVENUE PITTSBURGH, PA 15219 | GARY HINKS PHONE: 330-652-9951 | TRADE VENDOR | | | | $    21,251.06 |
| 25  CALIFORNIA COOLING & CONSULTING LLC JASON CLARK 19614 SUNRISE SUMMIT DR SANTA CLARITA, CA 91351 | JASON CLARK PHONE: 661-417-4756 EMAIL: JCLARK@CALKOOL.COM | TRADE VENDOR | | | | $    20,547.40 |
| 26  CYGNUS INC JIM BUCHOLTZ P.O. BOX 466 PONDERAY, ID 83852 | JIM BUCHOLTZ PHONE: 208-263-4761 FAX: 208-263-9217 | TRADE VENDOR | | | | $    18,839.16 |
| 27  AMERICAN FIDELITY PATRICIA SALCE 9000 CAMERON PARKWAY OKLAHOMA CITY, OK 73114 | PATRICIA SALCE PHONE: 800-654-8489 EMAIL: PATTY.SALCE@AMERICANFIDELITY.COM | TRADE VENDOR | | | | $    18,294.45 |
| 28  HACKLER FLYNN & ASSOCIATES 479 S MARENGO AVE PASADENA, CA 91101 | PHONE: 323-247-7030 FAX: 323-319-9242 | TRADE VENDOR | | | | $    18,013.77 |
| 29  A & A AEROSPACE INC CHILO TORRES 13649 PUMICE STREET SANTA FE SPRINGS, CA 90670 | CHILO TORRES PHONE: 562-901-6803 FAX: 562-901-6804 EMAIL: APUENTES@AAAEROSPACE.NET; CCORRALES@AAAEROSPACE.NET | TRADE VENDOR | | | | $    17,340.00 |
| 30  INGERSOLL CUTTING TOOL CO DAVE SILVES 885 S. LYFORD ROAD ROCKFORD, IL 61108-2748 | DAVE SILVES PHONE: 815-387-6600 EMAIL: INFO@INGERSOLL-IMC.COM | TRADE VENDOR | | | | $    16,857.57 |

Debtor   **Dynamic Aerostructures Intermediate LLC**
         Name                                                                Case number (*if known*)

---

**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

DISTRICT OF DELAWARE

Case number (*if known*) _____    Chapter __11__

☐ Check if this an
   amended filing

---

### FORM 201. VOLUNTARY PETITION

### Pending Bankruptcy Cases Attachment

| | | | | |
|---|---|---|---|---|
| Debtor | **Dynamic Aerostructures LLC** | | Relationship to you | **Affiliate** |
| District | **Delaware** | When | Case number, if known | |
| Debtor | **Forrest Machining LLC** | | Relationship to you | **Affiliate** |
| District | **California** | When | Case number, if known | |

**Fill in this information to identify the case:**

Debtor name   **Dynamic Aerostructures Intermediate LLC**

United States Bankruptcy Court for the:   DISTRICT OF DELAWARE

Case number (if known)

☐ Check if this is an
amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

| | **Declaration and signature** |
|---|---|

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐ *Schedule H: Codebtors* (Official Form 206H)
☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐ Amended *Schedule*
☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☑ Other document that requires a declaration   **Debtors' Consolidated Corporate Ownership Statement and List of Equity Interest Holders**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **February 26, 2025**          X */s/ Eric N. Ellis*
_____
Signature of individual signing on behalf of debtor

**Eric N. Ellis**
_____
Printed name

**Chief Executive Officer**
_____
Position or relationship to debtor

**OMNIBUS WRITTEN CONSENT**
**OF THE GOVERNING BODIES OF**
**DYNAMIC AEROSTRUCTURES LLC,**
**DYNAMIC AEROSTRUCTURES INTERMEDIATE LLC, AND**
**FORREST MACHINING LLC**

**February 24, 2025**

The undersigned members of the board of managers of Dynamic Aerostructures LLC, a Delaware limited liability company ("**Dynamic**"), and as sole Managing Member of Dynamic Aerostructures Intermediate LLC, a Delaware limited liability company ("**Dynamic Intermediate**"), and the undersigned members of the board of managers of Forrest Machining LLC, a California limited liability company ("**Forrest Machining**" and together with Dynamic and Dynamic Intermediate, the "**Companies**", and each such entity, a "**Company**"), in each case, acting pursuant to the Delaware Limited Liability Company Act or the California Revised Uniform Limited Liability Company Act, as applicable, and in accordance with each Company's limited liability agreement and other governing documents, do hereby consent to and adopt the following resolutions by this written consent (this "**Consent**") as though such resolutions had been adopted at a duly convened meeting and direct that this Consent be filed in the records of each Company:

**WHEREAS**, the Boards and Managing Member, as applicable, of each of the Companies (in each case, the "**Governing Body**") has reviewed and had the opportunity to ask questions about the materials presented by the management and the legal and financial advisors of such Company regarding the liabilities and liquidity of such Company, the strategic alternatives available to it and the impact of the foregoing on such Company's businesses;

**WHEREAS**, the Governing Body of each Company has had the opportunity to consult with the management and the legal and financial advisors of such Company to fully consider, and has considered, each of the strategic alternatives available to such Company;

**WHEREAS**, the Governing Body of each Company, based on its review of all available alternatives and advice provided by such advisors and professionals, has determined that it is advisable and in the best interest of such Company and its stakeholders for such Company to take the actions specified in the following resolutions;

**WHEREAS**, each Governing Body desires to approve the following resolutions;

I.    **CHAPTER 11 FILING**

**WHEREAS**, the Governing Body of each Company has considered the filing of a voluntary petition (the "**Chapter 11 Petition**") by such Company in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), in which the authority to operate as a debtor in possession will be sought;

**WHEREAS**, the Governing Body of each Company has had the opportunity to consult with the management and the legal and financial advisors of such Company regarding the material terms of "first day" pleadings, applications, affidavits and other documents (collectively, the "**Chapter 11 Filings**") to be filed by such Company before the Bankruptcy Court in connection with the commencement of such Company's chapter 11 case (the "**Bankruptcy Case**"); and

**WHEREAS**, the Governing Body of each Company, having considered the financial and operational aspects of such Company's business and the best course of action to maximize value, have determined that it is advisable and in the best interest of such Company, its creditors, stakeholders and other interested parties that the Chapter 11 Petition be filed by such Company seeking relief under the provisions of Chapter 11 of the Bankruptcy Code.

**NOW, THEREFORE, BE IT RESOLVED**, that in the judgment of the Governing Body of each Company, it is advisable and in the best interest of such Company, its creditors, stakeholders and other interested parties, that the Chapter 11 Petition and the Chapter 11 Filings be filed by such Company seeking relief under the provisions of Chapter 11 of the Bankruptcy Code, and the filing of such Chapter 11 Petition and Chapter 11 Filings is authorized hereby; and be it further

**RESOLVED**, that any officer of each Company, or its managers, as applicable (each an "**Authorized Person**"), in each case, be, and each hereby is, authorized, empowered and directed, on behalf of and in the name of such Company, to execute and verify the Chapter 11 Petition and the Chapter 11 Filings in the name of such Company under Chapter 11 of the Bankruptcy Code and to cause the same to be filed in the Bankruptcy Court in such form and at such time as the Authorized Person(s) executing said Chapter 11 Petition and Chapter 11 Filings on behalf of such Company shall determine.

## II.    DIP FINANCING

**WHEREAS**, the Governing Body of each Company has determined that, in connection with the Bankruptcy Case, it is desirable and in the best interest of such Company, its creditors, stakeholders, and other interested parties to request that one or more potential financing sources provide such Company with postpetition debtor-in-possession financing, including, but not limited to, a debtor-in-possession credit facility in the amount of up to $12.5 million dollars ("**DIP Financing**"), subject to exceptions and limitations to be set forth in any orders of the Bankruptcy Court concerning the DIP Financing (the "**DIP Financing Orders**");

**WHEREAS**, the Governing Body of each Company has considered the terms and conditions of DIP Financing pursuant to a senior secured debtor-in-possession credit term sheet (the "**DIP Term Sheet**") by and among such Company, as debtors in possession, and CRG Financial LLC (the "**DIP Lender**") pursuant to which the DIP Lender has agreed to provide the Companies with DIP Financing, which provides for the borrowing loans, guaranteeing of obligations, granting of security, and the pledging of collateral;

**WHEREAS**, in connection with the DIP Term Sheet, the DIP Lender requires that each Company grant security interests in substantially all of its assets that now or hereafter come into the possession, custody or control of such Company, in order to secure the prompt and complete

payment, observance, and performance of all obligations under the DIP Term Sheet, subject to exceptions and limitations to be set forth in DIP Financing Orders and related documents contemplated thereunder (collectively, the "**DIP Documents**"); and

WHEREAS, the Governing Body of each Company has determined that it is in the best interests of such Company, its creditors, stakeholders, and other interested parties for such Company to (i) consummate the transactions contemplated by the DIP Documents, and (ii) empower, authorize and direct the Authorized Persons of such Company to take any and all actions as may be deemed appropriate to effect and perform the transactions contemplated thereby.

NOW, THEREFORE, BE IT RESOLVED, that the form, terms and provisions of the DIP Term Sheet are hereby, in all respects, authorized, ratified, approved, and adopted by the Governing Body of each Company on behalf of such Company; and it be further

RESOLVED, that each Company be, and hereby is, authorized to incur and to undertake any and all related transactions contemplated under the DIP Term Sheet and the DIP Documents; and it be further

RESOLVED, that each such Company be, and hereby is, authorized to borrow loans, guaranty obligations, grant security interests in collateral, and pledge collateral pursuant to, and in accordance with, the DIP Documents; and it be further

RESOLVED, that the Authorized Persons be, and each of them hereby is, empowered, authorized and directed, with full power of delegation, on behalf of and in the name of such Company, to cause such Company to negotiate, execute and deliver the DIP Term Sheet and the related documents contemplated thereby, in such form and with such changes or amendments (substantial or otherwise) thereto as any one or more of such Authorized Persons may deem necessary, desirable or appropriate, in order to consummate the transactions contemplated by the DIP Term Sheet; and it be further

RESOLVED, that the Authorized Persons be, and each of them hereby is, empowered, authorized and directed, with full power of delegation, on behalf of and in the name of such Company, to take all such further actions which shall be necessary, proper or advisable to perform such Company's obligations under or in connection with the DIP Term Sheet, the DIP Documents and the transactions contemplated therein, and to carry out fully the intent of the foregoing resolutions.

III.    STALKING HORSE APA

WHEREAS, the Stalking Horse Purchaser (as defined in that certain form of asset purchase agreement (the "**Stalking Horse APA**"), by and among each Company, as sellers, and FMI Holdco LLC, as buyer, and the Companies have negotiated the material terms of the Stalking Horse APA to govern the terms of the Stalking Horse Purchaser's purchase of certain assets (the "**Assets**") and assumption of certain liabilities of the Companies, subject to the receipt of a higher or otherwise better offer;

WHEREAS, the Governing Body of each Company has reviewed the material terms of the Stalking Horse APA (together with each of the other documents, agreements, and schedules

contemplated under the Stalking Horse APA, the "**Stalking Horse APA Documents**"), and after due consideration and deliberation, determined that each of the transactions contemplated by the Stalking Horse APA and the Stalking Horse APA Documents (the "**Sale Transactions**") are advisable, fair to, and in the best interests of the Companies and their creditors and stakeholders;

WHEREAS, the consummation of the Sale Transaction is subject to the Companies filing a motion (the "**Sale Motion**") with the Bankruptcy Court, seeking, among other things, approval of (i) an auction process (the "**Auction**") that will govern the marketing and sale of the Assets through certain bidding procedures (the "**Bidding Procedures**") to the Stalking Horse Purchaser or another bidder with the highest or otherwise best offer (such bidder, the "**Successful Bidder**") and (ii) the Stalking Horse Purchaser as the stalking horse bidder and certain related bid protections;

WHEREAS, the Governing Body of each Company has determined that it is in the best interests of such Company, its creditors, stakeholders, and other interested parties, for such Company to enter into and consummate the transactions contemplated by the Stalking Horse APA Documents, and empower, authorize and direct the Authorized Persons of such Company to take any and all actions as may be deemed appropriate to effect and perform the transactions contemplated thereby;

NOW, THEREFORE, BE IT RESOLVED, that each Company is authorized to enter into the Stalking Horse APA Documents with the Stalking Horse Purchaser for the sale of the Assets and to undertake any and all related transactions contemplated thereby, including the Sale Transaction, the Auction, and the Bidding Procedures, on the terms contained therein or on such other terms and conditions as the Authorized Signatories, or any of them, in their, his or her sole discretion, determine to be necessary, appropriate or desirable; and be it further

RESOLVED, that each of the Authorized Signatories of each Company be, and hereby is, authorized and empowered in the name of, and on behalf of, each respective Company to execute, on behalf of each respective Company, the Stalking Horse APA Documents, and to execute and file, on behalf of each respective Company, the Sale Motion (including the Bidding Procedures) with the Bankruptcy Court; and be it further

RESOLVED, that each of the Authorized Signatories of each Company be, and hereby is, authorized and empowered in the name of, and on behalf of, each respective Company to conduct the Auction as approved by the Bankruptcy Court pursuant to the Sale Motion and Bidding Procedures and to negotiate, for and on behalf of each respective Company, such agreements, documents, assignments and instruments as may be necessary, appropriate or desirable in connection with the sale to the Stalking Horse Purchaser or the Successful Bidder.

IV.    **RETENTION OF PROFESSIONALS**

RESOLVED, that the Authorized Persons be, and each hereby is empowered, authorized and directed, on behalf of and in the name of such Company, to continue to retain and employ the law firms of Ropes & Gray LLP ("**Ropes**") and Chipman Brown Cicero & Cole, LLP ("**CBCC**"), as bankruptcy counsel, to represent and assist such Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance such Company's rights and

obligations, including filing any motions, objections, replies, applications, or pleadings in the Bankruptcy Case and all other related matters in connection therewith, in such capacities and on such terms as the Authorized Persons of such Company, and each of them, may or shall approve and/or have previously approved; and be it further

 **RESOLVED**, that the Authorized Persons be, and each hereby is empowered, authorized and directed, on behalf of and in the name of such Company, to continue to retain (i) Berkeley Research Group, LLC ("**BRG**") to serve as financial advisor to such Company, (ii) Configure Partners, LLC ("**Configure**") to serve as investment banker to such Company, and (iii) Kurtzman Carson Consultants, LLC d/b/a Verita Global ("**Verita**") to provide consulting services to such Company regarding noticing, claims management and reconciliation, plan solicitation, balloting, disbursements, and any other services agreed to by the parties; and be it further

 **RESOLVED**, that the Authorized Persons be, and each hereby is, empowered, authorized and directed, on behalf of and in the name of such Company, to continue the employment and retention of professionals in the ordinary course as long as they deem appropriate and in the Bankruptcy Case to retain and employ other attorneys, accountants, and other professionals to assist in such Company's Bankruptcy Case on such terms as are deemed necessary, appropriate or advisable; and be it further

 **RESOLVED**, that the Authorized Persons be, and each hereby is, authorized and directed, on behalf of and in the name of such Company, to execute any appropriate engagement letters and agreements and such other documents necessary to retain or continue to retain Ropes, CBCC, BRG, Configure and Verita, and any other or additional financial advisors, investment bankers, accountants, auditors, advisors, legal counsel, and other professionals not specifically identified herein (the "**Professionals**"), and to cause such Company to pay appropriate retainers to such Professionals prior to the filing of the Bankruptcy Case or after to the extent appropriate and permitted in the Bankruptcy Case, and to cause to be filed appropriate applications or motions seeking authority to retain and pay for the services of such Professionals; and be it further

 **RESOLVED**, that the Authorized Persons be, and each hereby is, authorized and directed, on behalf of and in the name of such Company, to pay, or cause to be paid, all fees and expenses incurred by such Company in connection with services rendered by the Professionals and to make, or cause to be made, all payments as they, or any of them individually, shall determine to be necessary, appropriate or advisable, such payment to be conclusive evidence of their determination; and be it further

V. **GENERAL**

 **RESOLVED**, that the Authorized Persons be, and each hereby is, authorized, empowered and directed, on behalf of and in the name of such Company, to amend, supplement or otherwise modify from time to time the terms of any documents, certificates, instruments, agreements, financing statements, notices, undertakings or other writings referred to in the foregoing resolutions as they or any of them deem necessary, desirable or appropriate to effectuate the purpose and intent of any and all of the foregoing resolutions, the necessity, desirability, and appropriateness of which shall be conclusively evidenced by the action in support thereof, or the

execution and delivery thereof, by such Authorized Persons (or such persons directed by such Authorized Persons); and be it further

**RESOLVED**, that the Authorized Persons be, and each hereby is, authorized, empowered and directed, on behalf of and in the name of such Company, to take or cause to be taken any and all such further action and to execute, deliver, perform, verify and/or file, or cause to be executed, delivered, performed, verified and/or filed (or direct others to do so on its behalf as provided herein) all such further documents, agreements, instruments, financing statements, notices, undertakings, certificates, resolutions and other writings as they or any of them deem necessary, desirable or appropriate to effectuate the purpose and intent of any and all of the foregoing resolutions, the necessity, desirability, and appropriateness of which shall be conclusively evidenced by the action in support thereof, or the execution and delivery thereof, by such Authorized Persons (or such persons directed by such Authorized Persons); and be it further

**RESOLVED**, that all acts lawfully done or actions lawfully taken by any Authorized Person to seek relief on behalf of such Company under chapter 11 of the Bankruptcy Code, or in connection with the Bankruptcy Case, or any matter related thereto, be, and hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of such Company in all respects by the Governing Body of such Company; and be it further

**RESOLVED**, that all acts lawfully done or actions lawfully taken by any Authorized Person, or by any employees or agents of such Company, on or before the date hereof in connection with the transactions contemplated by the foregoing resolutions be, and hereby are, authorized, adopted, ratified, confirmed and approved in all respects by the Governing Body of such Company; and be it further

**RESOLVED**, that the omission from these resolutions of any agreement, document or other arrangement contemplated by any of the agreements, instruments, filings or other documents described in the foregoing resolutions or any action to be taken in accordance with any requirement of any of the agreements, instruments, filings or other documents described in the foregoing resolutions shall in no manner derogate from the authority of the Authorized Persons to take all actions necessary, appropriate or advisable to consummate, effectuate, carry out or further the transaction contemplated by, and the intent and purposes of, the foregoing resolutions, the necessity, appropriateness, and advisability, of which shall be conclusively evidenced by the execution and delivery thereof, or action in support thereof, by such Authorized Person; and be it further

**RESOLVED**, that the Governing Body of such Company has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of such Company, or hereby waive any right to have received such notice; and be it further

**RESOLVED**, that the Authorized Persons be, and each hereby is, authorized, empowered and directed, on behalf of and in the name of such Company, to execute, deliver, perform, verify and/or file, or cause to be executed, delivered, performed, verified and/or filed (or direct others to do so on their behalf as provided herein) all necessary documents, including, without limitation, all petitions, affidavits, statements, schedules, motions, lists, applications, pleadings, other papers,

guarantees, reaffirmations, additional security documents, control agreements, waivers of or amendments to existing documents, and to negotiate the forms, terms and provisions of, and to execute and deliver any amendments, modifications, waivers or consent to any of the foregoing as may be approved by any Authorized Person, which amendments, modifications, waivers or consents may provide for consent payments, fees or other amounts payable or other modifications of or relief under such agreements or documents, the purpose of such amendments, modifications, waivers or consents being to facilitate consummation of the transactions contemplated by the foregoing resolutions or for any other purpose, and, in connection with the foregoing, to employ and retain all assistance by legal counsel, investment bankers, accountants, restructuring professionals or other professionals, and to take any and all action which such Authorized Person or Authorized Persons deem necessary, appropriate or advisable in connection with the Bankruptcy Case, the Stalking Horse APA, Bidding Procedures, and sale of Assets, and the DIP Financing, with a view to the successful prosecution of the Bankruptcy Case contemplated by the foregoing resolutions and the successful consummation of the transactions contemplated by the foregoing resolutions including, without limitation, any action necessary, appropriate, or advisable to maintain the ordinary course operation of such Company's business; and be it further

**RESOLVED**, that the Authorized Persons be, and each hereby is, authorized, empowered and directed, on behalf of and in the name of such Company, to execute, deliver and perform any and all special powers of attorney as such Authorized Person may deem necessary, appropriate or advisable to facilitate consummation of the transactions contemplated by the foregoing resolutions, pursuant to which such Authorized Person will make certain appointments of attorneys to facilitate consummation of the transactions contemplated by the foregoing resolutions as such Company's true and lawful attorneys and authorize each such attorney to execute and deliver any and all documents of whatsoever nature and description that may be necessary, appropriate or advisable to facilitate consummation of the transactions contemplated by the foregoing resolutions; and be it further

**RESOLVED**, that this written Consent may be executed in counterparts, each of which shall constitute an original, but all of which shall constitute one and the same instrument, and that a copy of the Consent shall be filed with the books and records of the Companies.

**[Signature Pages Follow]**

**IN WITNESS WHEREOF**, the undersigned, being the majority the members of the board of managers of Dynamic Aerostructures LLC, have caused this Omnibus Written Consent to be executed as of the date first set forth above.

BOARD OF MANAGERS:

By: _Eric Ellis_
5373938F770B418...
Name: Eric Ellis
Title: Manager

By: _Michael Zawalski_
5A225306B355487...
Name: Michael Zawalski
Title: Manager

By: _Derek Eve_
7C81FEB5CC1D47E...
Name: Derek Eve
Title: Manager

By: _General Merrill A. McPeak_
0794AD2D21AE422...
Name: General Merrill McPeak
Title: Manager

**IN WITNESS WHEREOF**, the undersigned, as sole Managing Member of Dynamic Aerostructures Intermediate LLC, have caused this Written Consent to be executed as of the date first set forth above.

DYNAMIC AEROSTRUCTURES LLC, in its capacity as sole Managing Member of Dynamic Aerostructures Intermediate LLC:

Signed by:

*Michael Zawalski*

5A225306B355487...

By: Michael Zawalski
Its: Authorized Signatory

**IN WITNESS WHEREOF**, the undersigned, being the majority the members of the board of managers of Forrest Machining LLC, have caused this Omnibus Written Consent to be executed as of the date first set forth above.

BOARD OF MANAGERS:

By: _Eric Ellis_
5373938F770B418...
Name: Eric Ellis

By: _Michael Zawalski_
5A225306B355487...
Name: Michael Zawalski

By: _Derek Eve_
7C81FEB5CC1D47E...
Name: Derek Eve